# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO: 5:08-CV-125-DCK

| | | |
|---|---|---|
| DIANNA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ALLIED INTERSTATE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the Court's subject-matter jurisdiction to adjudicate this removed case. The Court is considering remanding this case to state court, but will first afford the parties an opportunity to brief the issues identified below:

Plaintiff filed this action in state court, alleging claims under the Telephone Consumer Protection Act ("TCPA"), at 47 U.S.C. § 227 *et seq*., and several state consumer protection statutes. N.C. Gen. Stat. § 58-70, *et seq*.; N.C. Gen. Stat. § 75-104. The Defendant removed the case to federal court on October 24, 2008. (Document No. 1).

Federal courts do not have federal question jurisdiction over private TCPA claims. *International Science & Technology Institute, Inc. v. Inacom Cummunications, Inc.*, 106 F.3d 1146 (4th Cir. 1997) (holding that the TCPA provides exclusive state court jurisdiction for private actions under the TCPA); 47 U.S.C. § 227(b)(3) (providing that private TCPA claims may be brought "in an appropriate court of that State"); 47 U.S.C. § 227(c)(5) (same).

Defendant removed the case on the basis of alleged diversity jurisdiction, which is governed by 28 U.S.C. § 1332(a). Section 1332(a) gives federal courts original jurisdiction over civil actions where there is diversity of citizenship and the amount-in-controversy requirement is satisfied. Even assuming that diversity jurisdiction is available for TCPA private actions, see *Gottlieb v. Carnival*

*Corp.*, 436 F.3d 335, 337 (2d Cir. 2006), the record strongly suggests that the amount in controversy in this case falls short of $75,000.00. Other federal courts have evaluated possible recovery under the TCPA and related state statutes on a per-call basis rather than per-violation basis. *Charvat v. GVN Michigan*, 561 F.3d 623 (6th Cir. 2009) (affirming dismissal of case involving ten phone calls for failure to meet the amount-in-controversy requirement). As only seventeen calls are alleged in the present case, and as the parties vigorously dispute whether the state statutes even apply to the parties as defined under the North Carolina state statutes, subject-matter jurisdiction may be lacking here.

"[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *International Science,* 106 F.3d at 1146. Under Federal Rule of Civil Procedure 12(h)(3), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1945 (2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "[L]ack of the jurisdictional amount from the outset-although not recognized until later-is not a subsequent change that can be ignored." 1 *Moore's Federal Practice* ¶ 0.92[1] (2d ed.1993).

**IT IS, THEREFORE, ORDERED** that the parties are each directed to file a *concise* brief (not to exceed five pages) by September 1, 2009, addressing the issue of whether subject-matter jurisdiction exists in this case.

Signed: August 7, 2009

**IT IS SO ORDERED**.

David C. Keesler
United States Magistrate Judge